UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 17-14018-CIV-MARRA

LITITA HINSON, as personal representative
of the Estate of RICHARD HASTON, deceased,

Plaintiff,

vs.

JAMES WARREN, in his individual capacity and
WILLIAM D. SNYDER, as Sheriff of
MARTIN COUNTY SHERIFF'S OFFICE,

Defendants.
_____/

**OPINION AND ORDER**

This cause is before the Court upon the Motion for More Definite Statement/Motion to Dismiss Defendant of William D. Snyder's, as Sheriff of Martin County. (DE 9). The Court has carefully considered the Motion and is otherwise fully advised in the premises.

I. Background

Plaintiff Lititia Hinson ("Plaintifff"), as personal representative of the estate of Richard Haston ("decedent"), brings a six-count Third Amended Complaint ("TAC," DE 1-2) against Defendants James Warren ("Warren") and Defendant William D. Snyder, as Sheriff of Martin County ("Sheriff") (collectively, "Defendants") for wrongful death (count one); a violation of the fourth and fourteenth amendment pursuant to 42 U.S.C. §1983 for excessive force by Warren (count two); a violation of the fourth and fourteenth amendment pursuant to 42 U.S.C. §1983 for deliberate indifference by the Sheriff (count three); a violation of the fourth and fourteenth amendment pursuant to 42 U.S.C. §1983 for supervisory liability against the Sheriff (count four); negligent hiring by the Sheriff (count five) and negligent retention by the Sheriff (count six).

These claims arise out of allegations involving the police shooting and killing of decedent.

The Sheriff moves to dismiss and for a more definite statement, claiming that the negligent hiring and retention claims should be subsumed into the wrongful death claim. Additionally, the Sheriff contends that the separate section 1983 counts (counts three and four) should be combined into one count.

Plaintiff responds that the negligent hiring and retention claims do not arise out of the same actions that caused decedent's death, and therefore these counts should proceed separately from the wrongful death count. With respect to counts three and four, Plaintiff concedes that they should be merged into one count.

II.  Legal Standard

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Supreme Court has held that "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citations omitted).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quotations and citations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the

defendant is liable for the misconduct alleged." Id. Thus, "only a complaint that states a plausible claim for relief survives a motion to dismiss." Id. at 1950. When considering a motion to dismiss, the Court must accept all of the plaintiff's allegations as true in determining whether a plaintiff has stated a claim for which relief could be granted. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).

III. Discussion

The Sheriff seeks to subsume the state law negligent hiring and retention claims into the state wrongful death claim. The Florida state wrongful death statute provides that "[w]hen a personal injury to the decedent results in death, no action for the personal injury shall survive, and any such action pending at the time of death shall abate." Florida Statute § 768.20. In other words, "when death is the result of a personal injury, the law of Florida essentially substitutes a statutory wrongful death action for the personal injury action . . . ." Niemi v. Brown & Williamson Tobacco Corp., 862 So. 2d 31, 33 (Fla. Dist. Ct. App. 2003).

The question before the Court is whether the Florida wrongful death statue abates the negligent hiring and retention claims. There is ample case law providing that personal injury claims seeking recovery for pain and suffering, medical malpractice, battery and negligence must be abated under Florida Statute § 768.20. See Cone v. Orosa, No. 13–cv–24674–JLK, 2014 WL 1383028, at * 2-3 (S.D. Fla. Apr. 8, 2014) (battery and negligence); Shehada v. Tavss, 965 F. Supp. 2d 1358, 1378 (S.D. Fla. 2013) (battery); Martin v. United Sec. Svcs., Inc., 314 So. 2d 765, 770 (Fla. 1975) (pain and suffering); Salfi v. Columbia/JFK Med. Ctr. Ltd. Partnership, 942 So. 2d 417, 420 (Fla. Dist. Ct. App. 2006) (pain and suffering); Taylor v. Orlando Clinic, 555 So. 2d 876, 879 (Fla. Dist. Ct. App. 1989) (medical malpractice).

3

The Sheriff contends that because the TAC alleges that the negligent hiring and retention of Warren allegedly caused the death of decedent, these claims should be subsumed into the wrongful death statute. In contrast, Plaintiff contends that the factual allegations of these claims are "wholly distinct" from the allegations of the wrongful death action. (Resp. at 5.) A review of these claims shows that the alleged negligent retention and hiring of Warren by the Sheriff contributed to the death of decedent. (TAC ¶¶ 115-117, 127-130.) Indeed, an element of both of these claims require that the plaintiff show that "the incompetence or unfitness [of the employee] was a proximate cause of the plaintiff's injury." Witover v. Celebrity Cruises, Inc., 161 F. Supp. 2d 1139, 1148 (S.D. Fla. 2016); Davies v. Commercial Metals Co., 46 So.3d 71, 73–74 (Fla. Dist. Ct. App. 2010); Watson v. City of Hialeah, 552 So. 2d 1146, 1149 (Fla. Dist. Ct. App. 1989). For this reason, the Court finds that the Sheriff is correct and these claims are subsumed into the wrongful death statute.

IV. Conclusion

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Defendant's Motion for More Definite Statement/Motion to Dismiss (DE 9) is **GRANTED**. Counts five and six are **DISMISSED**. In light of Plaintiff's concession, the Court will permit Plaintiff leave to amend the Complaint to merge counts three and four into one count. The amended complaint shall be filed within 14 days of the date of entry of this Order.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 9th day of April, 2017.

_____
KENNETH A. MARRA
United States District Judge